Matter of Mayhon P.I. (Claudette P.) (2025 NY Slip Op 04437)

Matter of Mayhon P.I. (Claudette P.)

2025 NY Slip Op 04437

Decided on July 25, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: BANNISTER, J.P., SMITH, GREENWOOD, NOWAK, AND HANNAH, JJ.

600 CAF 24-00747

[*1]IN THE MATTER OF MAYHON P.I. —————————————————————- ONONDAGA COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, PETITIONER-RESPONDENT;
and
CLAUDETTE P., RESPONDENT-APPELLANT. 

LAW OFFICE OF VERONICA REED, SCHENECTADY (VERONICA REED OF COUNSEL), FOR RESPONDENT-APPELLANT.
ROBERT A. DURR, COUNTY ATTORNEY, SYRACUSE (LISA S. CUOMO OF COUNSEL), FOR PETITIONER-RESPONDENT.
ARLENE BRADSHAW, SYRACUSE, ATTORNEY FOR THE CHILD. 

 Appeal from an order of the Family Court, Onondaga County (Julie A. Cerio, J.), entered March 29, 2024, in a proceeding pursuant to Social Services Law § 384-b. The order, inter alia, terminated the parental rights of respondent with respect to the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Social Services Law
§ 384-b, respondent mother appeals from an order of disposition that, inter alia, terminated her parental rights with respect to the subject child on the ground of permanent neglect, committed the custody and guardianship of the child to petitioner, and freed the child for adoption. We affirm.
The mother failed to preserve for our review her contention that Family Court abused its discretion in permitting petitioner to proceed at the fact-finding hearing based on a time period of alleged permanent neglect that is not statutorily prescribed. In any event, the mother's contention is without merit. With respect to the time period for establishing permanent neglect, Social Services Law § 384-b (7) (a) defines a "permanently neglected child," as relevant here, as a child "who is in the care of an authorized agency and whose parent . . . has failed for a period of either at least one year or fifteen out of the most recent twenty-two months following the date such child came into the care of an authorized agency substantially and continuously or repeatedly to maintain contact with or plan for the future of the child, although physically and financially able to do so, notwithstanding the agency's diligent efforts to encourage and strengthen the parental relationship when such efforts will not be detrimental to the best interests of the child" (emphasis added). Here, the subject child was removed from the mother's care in January 2020 and placed in foster care. The petition, filed in October 2022, alleged that the mother had failed to meet her responsibilities under section 384-b (7) (a) for the period between September 1, 2020, and November 15, 2021. Thus, the petition properly alleged a statutory time period of at least one year while the child was in the care of petitioner, and the court did not abuse its discretion in permitting petitioner to seek to establish permanent neglect based on the identified time period.
Contrary to the mother's further contention, petitioner established by clear and convincing evidence that for the duration of the identified period she failed to plan appropriately for the child's future (see Matter of Jerikkoh W. [Rebecca W.], 134 AD3d 1550, 1551 [4th Dept 2015], lv denied 27 NY3d 903 [2016]). "It is well settled that, to plan substantially for a child's future, the parent must take meaningful steps to correct the conditions that led to the child's removal within a reasonable period of time" (Matter of Patience E. [Victoria E.], 225 AD3d [*2]1181, 1182 [4th Dept 2024], lv denied 42 NY3d 904 [2024] [internal quotation marks omitted]). Here, the mother "did not successfully address or gain insight into the problems that led to the removal of the child and continued to prevent [his] safe return" (Matter of Aubrey M.T. [Scott W.T.], 237 AD3d 1506, 1507 [4th Dept 2025]; see Matter of Tyasia T.S. [Ruthanne J.], 214 AD3d 1342, 1342-1343 [4th Dept 2023], lv denied 40 NY3d 910 [2024]).
We reject the mother's contention that the court erred in terminating her parental rights following the dispositional hearing. "Unlike a fact-finding hearing [that] resolves the issue of permanent neglect and in which the best interests of the child[ ] play no part in the court's determination, the court in the dispositional hearing must be concerned only with the best interests of the child[ ]" (Matter of Aric D.B. [Carrie B.], 221 AD3d 1502, 1504 [4th Dept 2023]). We conclude that the record provides ample support for the court's determination that terminating the mother's parental rights is in the best interests of the child.
The mother did not request a suspended judgment and, thus, she failed to preserve for our review her contention that the court abused its discretion in failing to issue one (see Matter of Jamarion N. [Ernest N.], 181 AD3d 1200, 1201-1202 [4th Dept 2020]).
We have considered the mother's remaining contentions and conclude that they are without merit.
Entered: July 25, 2025
Ann Dillon Flynn
Clerk of the Court